IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MARIVIC A. BALLESTEROS,      )
                                            )
        Plaintiff,          )
                                            )
        v.                   )     Civil Action: 1:20-cv-664 (RDA/TCB)
                                            )
CHRISTOPHER A. POCTA, *et al.*,    )
                                            )
        Defendants.      )

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff's Notice of Removal, Dkt. 1, Defendants' Notice of Removal, Dkt. 47, and Defendants' Motions to Dismiss. Dkt. Nos. 11; 54. The Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). This matter is now ripe for disposition. The Court has considered the record, the parties' notices of removal and motions to dismiss, and the parties' briefing. For the reasons that follow, the Court will remand this case to Alexandria Circuit Court pursuant to 18 U.S.C. § 1447(c).

### I. BACKGROUND

#### A. Factual Background

Plaintiff Marivic Ballesteros ("Plaintiff") signed a mortgage encumbering the property at 6301 Stevenson Avenue, Apartment 314, in Alexandria, Virginia. Dkt. 47-1, 2. Subsequently, her loan was sold into a secured mortgage trust, a process that involved a number of transactions intended to comply with 26 U.S.C § 1031, the Real Estate Mortgage Investment Conduit ("REMIC") Tax Reform Act of 1986, and the "OCC Asset Securitization Manual 1997." *Id.* at 5-9. Plaintiff alleges the transactions failed to comply with the relevant federal and state laws.

*Id.* at 16 (requesting injunction based on "Defendants' numerous violations of federal and state statute[s]").  Specifically, Plaintiff alleges the federal laws required "numerous 'True Sales' of Plaintiff's Tangible Note," *id.* at 6, but that these "true sales" did not occur because the note was not sold "in an ordinary course of business by offer, acceptance, delivery and consideration given for full value of the entire instrument."  *Id.* at 6.  She also maintains that her "Note and Mortgage are irreparably separated."  *Id.* at 10.

Plaintiff's property was sold at a foreclosure sale at some point after August 13, 2018. Dkt. 12, 3.  Plaintiff seeks damages, injunctive relief, and "cancellation of the written instruments" related to the foreclosure sale of her property, Dkt. 47-2, 9, and brings claims denominated as a declaration of wrongful foreclosure, breach of contract, quiet title, slander of title, a temporary restraining order and injunction, and declaratory relief determining that she is the equitable owner of the Stevenson Avenue property.  *Id.* at 11-17.  Her claims for relief are predicated on an alleged invalid, incomplete, and unperfected security interest in her property and void "true sales."  *Id.*

## B. Procedural Background

Plaintiff proceeding *pro se*, first brought this action in Alexandria Circuit Court. Defendants named in the action were Christopher A. Pocta, Esq.; Dillon Law Group; MTGLQ Investor, LP ("MTGLQ"); Wells Fargo Home Mortgage; World Savings Bank, FSB; Bank of New York; Wells Fargo Bank, NA; Mortgage Electronic Registration System ("MERS");  and Does 1 through 100.  On June 12, 2020, Plaintiff purported to remove the case from Alexandria Circuit Court to this Court.  Dkt. 1.  Attached to Plaintiff's notice of removal was a verified complaint dated May 29, 2020.  Dkt. 1-1.

Instead of moving to remand the case to state court, Defendants Wells Fargo Bank, N.A., World Savings Bank, Bank of New York, and MERS ("Wells Fargo Defendants") moved to

dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Dkt. 11.
This group of Defendants did not identify Plaintiff's improper removal as a basis for dismissing
the Complaint in their motion to dismiss or memorandum in support.  *See* Dkt. Nos. 11; 12.  In
fact, the Wells Fargo Defendants stated that "Ballesteros commenced this action by filing a Notice
of Removal to United States District Court[,]" apparently assuming that the supposed removal was
legitimate.  Dkt. 12, 3.

Then, on August 21, 2020, more than two months after this federal action commenced,
each of the Defendants who had already moved to dismiss Plaintiff's complaint—joined by
MTGLQ—filed a Notice of Removal in this Court.  Dkt. 47.  In that notice, Defendants cited 28
U.S.C. § 1441(a) and theorized that "Ms. Ballesteros's notice of removal was improper because
she is the plaintiff in the action and cases 'may be removed' only 'by the defendant or the
defendants."  *Id.* ¶ 6 (quoting 28 U.S.C. § 1441(a)).  The notice went on to assert that "MTGLQ
and the Wells Fargo defendants file this notice to correct the procedural irregularity and allow
litigation in the federal forum as all parties prefer."  *Id.*  MTGLQ and the Wells Fargo Defendants
stated that they attached a copy of the complaint filed in Alexandria Circuit Court to their notice
of removal in compliance with 28 U.S.C. § 1446(a).  *Id.* ¶ 6.  That verified complaint is dated
March 18, 2020.  *See* Dkt. 47-1.

Next, Defendant MTGLQ filed its own motion to dismiss Plaintiff's complaint for failure
to state a claim under Fed. R. Civ. P. 12(b)(6) on September 8, 2020.  Dkt. 54.  The memorandum
in support of MTGLQ's motion to dismiss cites allegations from the complaint Plaintiff attached
to her notice of removal dated May 29, 2020.  Dkt. 55.

## II. STANDARD OF REVIEW

The general removal statute provides that "[i]f at any time before final judgment it
appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  18

U.S.C. § 1447(c).  Remand is appropriate even where all parties wish to litigate in a federal forum because "a lack of subject matter jurisdiction cannot be waived or forfeited."  *United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012).  A federal district court is obligated to consider sua sponte whether subject matter jurisdiction is present and remand the case to state court if it determines that the federal court lacks jurisdiction.  *Sass v. Wells Fargo Bank, N.A.*, No. CV 2:17-1501-RMG, 2017 WL 4286224 (D.S.C. Sept. 26, 2017) (citing 28 U.S.C. §§ 1441(a) & 1446(a)); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941).  Accordingly, courts in this Circuit "exercise[] [their] authority to examine the court's subject matter jurisdiction sua sponte" and may order removal after a plaintiff purports to remove an action because "removal of th[e] action was improper and the court is without subject matter jurisdiction."  *Galen-Med, Inc. v. Owens*, 41 F. Supp. 2d 611, 612, 616 (W.D. Va. 1999).

Federal courts construe removal statutes strictly because removal jurisdiction raises significant federal concerns.  *Shamrock Oil*, 313 U.S. at 100 ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").  Consequently, "[n]o presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction."  *Del Rossi v. Suntrust Mortg., Inc.*, No. 3:15-cv-334, 2016 WL 693531, at *3 (E.D. Va. Feb. 18, 2016) (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)).  "The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).  And "[i]f federal jurisdiction is doubtful, a remand to state court is required."  *Maryland Stadium*, 407 F.3d at 260.  On the other hand, if a court has jurisdiction, the court is required to exercise it "because federal courts have a 'virtually unflagging obligation' to exercise the

4

jurisdiction given to them." *Courthouse News Serv. v. Schaeffer*, 429 F. Supp. 3d 196, 206 (E.D.
Va. 2019) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)).

III. ANALYSIS

A. Subject Matter Jurisdiction

After reviewing the notices of removal and motions to dismiss, the Court must examine
its basis for subject matter jurisdiction against following the backdrop.  First, this federal action
commenced with Plaintiff's attempt to remove the case from state court, *see* Dkt. 1, which
Defendants contend was a "procedural irregularity."  Dkt. 47.  Then, before Defendants filed
their notice of removal, the Wells Fargo Defendants moved to dismiss the cause for failure to
state a claim under Federal Rule Civil Procedure 12(b)(6).  Next, Defendants then filed their own
notice of removal pursuant to 28 U.S.C. § 1441(a), relying on Plaintiff's March 2020 complaint.
And finally, after Defendants filed their notice of removal, MTGLQ also moved to dismiss
Plaintiff's May 2020 complaint for failure to state a claim under Rule 12(b)(6).

1. Plaintiff's Notice of Removal

Under the general removal statute, "any civil action brought in a State court of which the
district courts of the United States have original jurisdiction, may be removed *by the defendant
or the defendants*, to the district court of the United States for the district and division embracing
the place where such action is pending."  28 U.S.C. § 1441 (emphasis added).  The Court
interprets the removal statute as it is written because "[w]here the statute's language is plain, the
sole function of the courts is to enforce it according to its terms."  *Discover Bank v. Vaden*, 396
F.3d 366, 369 (4th Cir. 2005) (quoting *U.S. ex rel. Wilson v. Graham County Soil & Water
Conservation Dist.*, 367 F.3d 245, 247 (4th Cir. 2004)).

Plaintiff's purported removal of this action to this Court *ipso facto* does not establish a
basis for removal jurisdiction over the case.  *See, e.g.*, 28 U.S.C. § 1441(a); *Middleton v. Emerson*,

5

469 F. App'x 213, 214 (4th Cir. 2012) ("[U]nder the applicable federal statutes, a plaintiff may not remove a proceeding to federal court."); *Del Rossi*, 2016 WL 693531, at *4 ("In unmistakable terms, § 1441 does not contemplate removal of this action by the Plaintiffs. The statute plainly states that 'the defendant or the defendants' may remove an action over which the federal district would have had original jurisdiction.") (quoting 28 U.S.C. § 1441(c)).  The Court must first decide, then, whether Plaintiff's removal of this action to federal court is a mere "procedural irregularity" or a jurisdictional defect that deprives the Court of subject matter jurisdiction over the case.

A case improperly removed to federal court may present two kinds of defects.  A court may encounter a removed case that either presents a procedural defect in the removal notice, or alternatively, one that denies the Court a basis to exercise subject matter jurisdiction over the case.  Put simply, the distinction involves whether the defect is procedural or jurisdictional.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007) ("Removal of state court actions to federal court involves both jurisdictional and procedural considerations.").  If a case presents a procedural defect, the defect may be remedied, which means the court may continue to exercise jurisdiction over the case.  But if the removal defect goes to the court's subject matter jurisdiction, the case cannot proceed in federal court.

Generally, procedural flaws in removal are defects that arise from a failure to comply with the dictates of 28 U.S.C. § 1446.  These procedural defects include failure to establish a party's citizenship at the time of removal, failure to establish that the amount in controversy exceeds the statutory minimum in a diversity jurisdiction case, and failure of all defendants to consent to removal.  *Doe v. Blair*, 819 F.3d 64, 68 (4th Cir. 2016); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008); *Payne v. Estate of Calzada*, 439 F.3d 198, 203 (4th Cir. 2006).  Certain defective jurisdictional allegations in a notice of removal may be amended pursuant to 28 U.S.C. § 1653.  For example, in *Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797, 802 (E.D. Va. 2004),

6

this Court granted a defendant leave to amend its removal petition where the defendant had imperfectly alleged its own citizenship.  Reasoning that this oversight was the sort of "mere technical defect" that generally deserves leave of court to amend, the court in *Muhlenbeck* permitted amendment of the removal petition.  *Id.*

To be sure, a lack of subject matter jurisdiction because no Defendant removed the case, on the other hand, is not a mere procedural defect.  There is no method by which a *plaintiff's* improvident removal of an action from state to federal court in violation of § 1441(a) may be "amended" when the only party authorized by law to file a notice of removal—the defendant— was not the party that removed the case.  *See* § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  A defendant may amend its notice of removal, but this Court cannot permit the parties to contradict the plain terms of the removal statute Congress enacted.  As the Fourth Circuit has noted, the Supreme Court made clear that only defendants may remove an action when *Shamrock Oil* outlined the scope of the general removal statute eighty years ago:

> Although the Court acknowledged that, between 1875 and 1887, the removal statute allowed "either party" to remove the suit to federal court . . . the Court concluded that Congress "narrow[ed] the federal jurisdiction on removal" by amending the statute in 1887 to allow removal only "by the 'defendant or defendants' in the suit[.]"

*Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008) (quoting *Shamrock Oil*, 313 U.S. at 100).  Moreover, in this case there is no "defective allegation[] of jurisdiction" to cure: The improper party removed the action to federal court, and that is not an allegation that is simply remedied by amendment of a jurisdictional allegation, such as the amount in controversy.

### 2. Defendants' Notice of Removal

Next, the Court must address whether Defendants' subsequently filed notice of removal somehow cures Plaintiff's improvident removal and thus confers subject matter jurisdiction over

this action.  At least one Defendant acknowledges that Plaintiff's attempted removal of the case does not create subject matter jurisdiction.  *See* Dkt. 17, 3 (stating in opposition to Plaintiff's motion for a preliminary injunction that "this Court does not yet have jurisdiction . . . This case was removed by the plaintiff, and plaintiffs may not remove their own cases") (citing 28 U.S.C. § 1441(a); *Sewell v. Fid. Nat'l Fin.*, No. PWG-15-3077, 2016 WL 728012, at *1 (D. Md. Feb. 24, 2016); *Hicks v. Canterbury*, No. 2:13-cv-27830, 2014 WL 1874399, at *1 (S.D. W. Va. May 9, 2014)).  According to Defendants, however, this Court obtained subject matter jurisdiction when they filed their own notice of removal.  *See* Dkt. 47.

Yet, in their notice of removal Defendants identify no authority for the proposition that a case improvidently removed to federal court by a plaintiff may later gain subject matter jurisdiction if defendants simply file their own notice of removal.  *See* Dkt. 47.  Instead, when a federal court lacks subject matter jurisdiction over a case because a *plaintiff* purports to "remove" the action, remand is the appropriate remedy.  *See, e.g.*, *Banerjee v. Vivint Solar Developer LLC*, No. GJH-20-00674, 2021 WL 211300, at *2 (D. Md. Jan. 21, 2021); *Lewis v. Khadduri*, No. 3:20-cv-545, 2020 WL 5763635, at *2 (E.D. Va. Aug. 19, 2020); *Lewis v. Fidelity Direct Mortg.*, No. 3:20-cv-48-JAG, Dkt. 27 (E.D. Va. July 21, 2020); *Luellen v. Luellen*, 972 F. Supp. 2d 722, 725 n.9 (W.D. Pa. 2013).  This is true even where no defendant has moved to remand the case and the Court examines its subject matter jurisdiction sua sponte.  *See Galen-Med, Inc.*, 41 F. Supp. 2d at 612.

Remand accords with another animating principle in federal courts' interpretation of removal statutes: that a court may not realign the parties for purposes of removal.  "Strictly construing the general removal statute, federal courts will not recharacterize a plaintiff, meaning a party that files a complaint or an amended complaint, as a defendant for removal purposes." *Banerjee v. Vivint Solar Developer LLC*, No. GJH-20-00674, 2021 WL 211300, at *2 (D. Md. Jan. 21, 2021).  While it may seem convenient and economical, courts resist realigning the parties when

a defendant brings a counterclaim against a plaintiff, holding that "only a true defendant may remove a case to federal court[.]"  *Palisades Collections LLC*, 552 F.3d 327 at 330 (internal quotation omitted).  In this case Defendants bring no counterclaim, which makes remand an even more straightforward result.  Defendants' subsequent notice of removal does not confer the subject matter jurisdiction this case lacked at its inception in federal court.  Thus, the Court concludes that 18 U.S.C. § 1447(c) requires remand.

## B. Motions to Dismiss

Assuming *arguendo* that this Court had subject matter jurisdiction over the case and could therefore resolve Defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim, the Court would be inclined to grant the motions as they appear to hold some merit.  Although Defendants make cogent and convincing arguments that Plaintiff has failed to state a claim upon which relief may be granted, the lack of subject matter jurisdiction is a threshold issue and precludes granting Defendants' motions to dismiss.  In *Steel Co. v. Citizens for a Better Environment*, the Supreme Court reaffirmed the principle that federal courts must ensure they have subject matter jurisdiction over a dispute before resolving the merits.  523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And even if removal jurisdiction were proper, there remain independent grounds for denying Defendants' motions to dismiss for failure to state a claim.  See Dkt. Nos. 11; 54.

First, the Wells Fargo Defendants moved to dismiss the Complaint for failure to state a claim after Plaintiff improperly removed this action but before Defendants filed their own notice of removal.  *See* Dkt. 11.  Even if Defendants' belated notice of removal conferred subject matter

9

jurisdiction, the Wells Fargo Defendants' motions to dismiss moved to dismiss a complaint that, by Defendants' own admission, was not properly before the Court. *See* Dkt. 47.

Second, although MTGLQ moved to dismiss the case after Defendants submitted their own notice of removal, its motion to dismiss meets a similar fate because the Court lacks subject matter jurisdiction. In addition, in its memorandum in support of the motion to dismiss, MTGLQ refers to Plaintiff's May 29, 2020 complaint filed in conjunction with her improper removal at least two dozen times. *See* Dkt. 55 (citing Dkt. 1-1). That complaint, however, is not the same complaint MTGLQ submitted with its subsequently filed notice of removal. *Compare* Dkt. 1-1 *with* Dkt. 47-1. Though the complaints contain largely similar allegations and counts, the complaint MTGLQ attached to its own notice of removal is a verified complaint dated March 18, 2020. *See* Dkt. 47-1. Defendant MTGLQ's memorandum in support of its motion to dismiss does not refer to that complaint. *See id.* Denying a motion to dismiss is appropriate in such a scenario. *See, e.g., Brown v. Fifth Third Bank*, No. 12 C 2981, 2012 WL 6680317, at *4 (N.D. Ill. Dec. 20, 2012) (denying motion to dismiss that was "based on the premise that the Wrong Complaint was operative"); *Freeman v. Sw. Bell Corp.*, No. 05-CV-235-TCK-PJC, 2006 WL 8457255, at *2 (N.D. Okla. Apr. 14, 2006) ("As Defendants have not addressed the complaint at issue in this lawsuit, the motion to dismiss should be denied."), *report and recommendation adopted*, No. 05-CV-235-TCK-PJC, 2006 WL 8457256 (N.D. Okla. June 19, 2006). This fact supplies yet another reason MTGLQ's otherwise convincing motion to dismiss must be denied.

### C. Plaintiff's Motions

Plaintiff has also filed a number of other motions in this action. *See* Dkt. Nos. 7; 8; 11; 21; 22; 23; 27; 30; 39; 40; 41; 44; 45; 46; 48; 49; 52; 57; 61; 65; 67; 68; 70; 72; 74.[1] Magistrate

---

[1] Plaintiff submitted many of these motions without an accompanying notice of hearing as required by Local Civil Rule 7(e). That rule provides that "a motion shall be deemed

Judge Buchanan ordered Defendants not to file any responsive pleadings to the "litany of Plaintiff's motions" until otherwise ordered by the Court.  Dkt. 42.  Defendants have complied with that Order and have generally not submitted briefs in response to Plaintiff's other motions, including her three recent motions for temporary restraining orders.  *See* Dkt. Nos. 70; 72; 74.[2] Because the Court finds that subject matter jurisdiction is lacking in this case due to its improper removal from state court, the Court declines to address the merits of these and Plaintiff's other pending motions.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that this action is REMANDED to Alexandria Circuit Court pursuant to 18 U.S.C. § 1447(c); and it is further

ORDERED that Defendants' Motions to Dismiss, Dkt. Nos. 11 and 54, are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's pending motions (Dkt Nos. 7; 8; 21; 22; 23; 27; 30; 39; 40; 41; 44; 45; 46; 48; 49; 52; 57; 61; 65; 67; 68; 70; 72; 74) are DENIED as MOOT.

It is SO ORDERED.

Alexandria, Virginia
March 16, 2021

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

---

withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within thirty (30) days after the date on which the motion is filed" unless otherwise ordered.

[2] These motions mirror allegations in the operative Complaint in this action, as all acts alleged in Plaintiff's February 2021 "emergency" motions occurred, at the latest, in 2019.